UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONESHA JACKSON, | : | CIVIL ACTION NO. |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BOULEVARD MOTORS, LLC | : | |
|     Defendant | : | NOVEMBER 6, 2017 |

## COMPLAINT

### I. INTRODUCTION

1.  This is an action brought by a consumer against an automobile dealership for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* Plaintiff also asserts pendent state law claims against the dealership for violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110 *et seq*.

### II. PARTIES

2.  Plaintiff, Donesha Jackson ("Jackson" or "Plaintiff"), is a consumer and natural person residing in New Haven, Connecticut.

3.  Defendant, Boulevard Motors, LLC ("Boulevard Motors" or "Defendant"), is a Connecticut limited liability company that operates an automobile dealership in New Haven, Connecticut.

### III. JURISDICTION

4.  Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e). Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5.  This court has jurisdiction over Boulevard Motors because it regularly conducts business in this state.

6. Venue in this court is proper because the Plaintiff resides in Connecticut, and the claims involve a transaction that occurred in Connecticut.

## IV. **FACTUAL ALLEGATIONS**

7. Prior to March 16, 2017, Plaintiff saw a 2007 Ford Expedition (the "Vehicle") advertised by Boulevard Motors on-line for a price of $10,495.

8. Plaintiff desired to purchase a vehicle that had a third-row seat for her personal, family, and household use, and she went to Boulevard Motors to inquire about the Vehicle.

9. Plaintiff met with the Hector Piquent, the manager and an owner of Boulevard Motors, and she agreed to purchase the Vehicle.

10. Plaintiff required financing to purchase the Vehicle, and Piquent, on behalf of Boulevard, agreed to finance the purchase.

11. Piquent prepared contract documents, including a purchase order, that utilized a cash price of $11,600, an amount that was $1,105 more than the advertised price.

12. Plaintiff noticed that the cash price of the Vehicle was greater than the amount that had been advertised, and she asked Piquent about the increased price.

13. Piquent told Plaintiff that she was paying a higher price because she was financing the purchase.

14. On information and belief, Boulevard Motors increased the cash price because it intended to assign the retail installment contract for the purchase of the Vehicle to Westlake Financial Services ("Westlake"), a subprime finance company.

15. Westlake accepts assignment of retail installment sales contracts on terms pursuant to which car dealers such as Boulevard Motors are paid substantially less than the full amount financed, a practice known as "discount financing".

16. Boulevard Motors increased the price of the Vehicle in order to compensate it for the expense of the discount financing.

17. Consequently, Plaintiff paid a higher price for the Vehicle than the amount that she would have to pay if she had purchased the Vehicle on a cash basis.

18. The contract documents also included a charge for $399.00 for "Knight Management Insurance", and Plaintiff did not request or require insurance for the Vehicle because she had purchased her own insurance.

19. The contract documents also included a dealer conveyance fee of $249 that had not been disclosed in the advertisement as required by Conn. Gen. Stat. § 14-62a, had not been disclosed by Piquent prior to the presentation of contract documents, and that had not otherwise been presented to Plaintiff until a purchase order was presented to her.

## V.   CAUSES OF ACTION

### A.  Truth in Lending Act

20. Boulevard Motors violated TILA because it increased the cost of the Vehicle by $1,105 over the advertised price in order to offset a discount fee that was charged by Westlake, and this additional cost would not have been imposed upon Plaintiff in a cash purchase of the Vehicle.

21. Boulevard Motors violated TILA by improperly including the increased cost of the Vehicle in the amount financed and by not including the increased cost as part of the finance charge.

22. Boulevard Motors may have further violated TILA by not including the insurance charge as a finance charge.

23. Boulevard Motors is liable to Plaintiff for her actual damages plus statutory damages of $2,000 and a reasonable attorney's fees.

### B. Connecticut Unfair Trade Practices Act

24. Boulevard Motors' conduct as alleged above constituted unfair and deceptive acts in violation of CUTPA, as follows:

    a. Its violations of TILA;

    b. It charged an interest rate that, when the increased portion of the purchase price is properly included as part of the finance charge, exceeded the maximum permissible rate under Conn. Gen. Stat. § 36a-772;

    c. It sold the Vehicle for more than the advertised price, a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(1), which prohibits dealerships from failing to sell vehicles for the advertised price;

    d. It added a charge for insurance even though Plaintiff had secured insurance on her own and did not desire the insurance and had not specifically requested the insurance, in violation of Conn. Gen. Stat. § 14-62(b)(2); and

4

    e. It added a dealer conveyance fee that had not been disclosed in the manner required by Conn. Gen. Stat. § 14-62a and that had not been added to the price until the time that a purchase order was presented, a violation of Conn. Gen. Stat. § 14-62(b)(1).

25. Boulevard Motors' conduct, as aforesaid, was deceptive and unfair and in violation of CUTPA.

26. Plaintiff has suffered an ascertainable loss in that she paid more for the Vehicle, she paid the dealer conveyance fee which had not been properly disclosed, and she paid for additional insurance that she did not need or desire.

27. For Boulevard Motors' violations of CUTPA, Plaintiff is entitled to actual damages, punitive damages, and reasonable costs and attorney's fees.

Wherefore, Plaintiff claims actual damages, statutory damages under TILA of $2,000, punitive damages under CUTPA, and attorney's fees pursuant to TILA, CUTPA, and Conn. Gen. Stat. § 42-150bb.  Plaintiff also claims such other further relief to which she is entitled at law or in equity.

>     PLAINTIFF, DONESHA JACKSON
>
>     By: /s/ *Daniel S. Blinn*
>         Daniel S. Blinn (ct02188)
>         Consumer Law Group, LLC
>         35 Cold Spring Rd. Suite 512
>         Rocky Hill, CT  06067
>         Tel. (860) 571-0408
>         Fax. (860) 571-7457
>         dblinn@consumerlawgroup.com